# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-05233 MMM (PLAx) | Date | June 27, 2011 |

| | |
|---|---|
| Title | *Patch v. Kunze-Rogers* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **Notice of Apparent Procedural Defect; Order to Show Cause**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Martha Patch filed this action in Los Angeles Superior Court on February 10, 2011.[1]  On June 22, 2011, Chrysler Group, LLC removed the action to federal court, invoking the court's bankruptcy jurisdiction.  In the notice of removal, defendant alleges that it was first served on May 23, 2011.

## II.  DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Parties seeking to remove must comply with certain procedural mandates.  Among these are a requirement that a notice of removal be filed within thirty days following service of the summons and complaint, 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), and a requirement that the notice of removal be filed "in the district court of the United States for the district and division within which such action is pending," 28 U.S.C. §1446(a).  As respects the thirty-day time limit for removal, the statute provides for a renewed thirty-day removal period if the original complaint is not removable.  This period commences on defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

---

[1]Notice of Removal, Docket No. 1 (Jun. 22, 2011), Exh. 1 (Civil Case Cover Sheet) at 15.

which is or has become removable. . . ." 28 U.S.C. § 1446(b).

The thirty-day time limit applies equally in the context of a removal based on the court's bankruptcy jurisdiction. See *Peres v. JPMorgan Chase Bank, N.A.*, 3:07-CV-0569-B, 2007 WL 1944376, *3 (N.D. Tex. June 19, 2007) ("[T]his Court has federal bankruptcy jurisdiction over the case under 28 U.S.C. § 1334(b). . . . If Peres's bankruptcy made this case removable as the Bank seems to contend, then the Bank was required to file a notice of removal within thirty days of receiving Plaintiff's suggestion of bankruptcy"); *Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23, 29 (M.D. Fla. 2002) ("Defendants claim 'there is no time limit' within which independent grounds for removal, such as 'related to bankruptcy' jurisdiction, must be presented. . . . However, the plain language of the removal statute does not support defendants' interpretation. The first paragraph of § 1446(b) requires that removal occur within thirty days of receipt of the 'initial pleading' in the case. The second paragraph of § 1446(b) allows for removal at later points in the case but only '[i]f the case stated by the initial pleading is not removable. . .'").

The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Chrysler Group filed its notice of removal on June 22, 2011. Chrysler Group asserts that it was first served with a copy of the complaint on May 23, 2011. It proffers, however, a proof of service dated March 3, 2011,[2] not one dated May 23, 2011.

### III. CONCLUSION

In order to assure proper jurisdiction, the court directs Chrysler Group to show cause, on or before **Wednesday, June 29, 2011**, why the court should not remand the action due to its failure to remove within thirty days of service with the state court complaint. The court, however, cannot *sua sponte* remand a case for a procedural defect in removal. See *Kelton Arms Condominium Owners Association, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Failure to remove a case within thirty days of service renders the removal procedurally defective. See *Lively*, 456 F. 3d at 936. Because procedural defects in removal are not jurisdictional, they can be waived. *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994). Thus, if defendant does not respond to this order on or before June 29, 2011, plaintiff must file a motion to remand the action to state court by **Friday, July 22, 2011**, or else the court will assume that plaintiff waives any procedural objections she would otherwise be entitled to assert to defendant's notice of removal.

---

[2]*Id.*, Exh. 1 (Proof of Service) at 14.